## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:17-CV-00466-GCM

| | |
|---|---|
| CLAUDIA E. POLANCO, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| HSBC BANK USA NATIONAL ) | |
| ASSOCIATION, PHH MORTGAGE ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER COMES** before the Court on Defendants' Motion to Join Oscar Polanco as a Necessary and Indispensable Party ("Motion") (Doc. No. 70). The Court, having carefully considered the briefs and materials submitted in support of and in opposition to the Motion finds and orders as follows:

### I.   FACTUAL BACKGROUND

In 2007, Plaintiff's husband, Oscar Polanco, obtained a $214,000.00 loan secured by a plot of real property located in Mecklenburg County, North Carolina. (Doc. No. 60-1, at 1). In 2013, Mr. Polanco executed a quitclaim deed of that property in favor of Plaintiff (Doc. No. 30, at 5), and Plaintiff took control of the property and the loan account (Doc. No. 71-1, at 10, 11, 12, 13). In that same year, the loan went into default. (Doc. No. 60-1, at 2). After defaulting, Plaintiff and Defendants made changes to the loan, entering into a Loan Modification Agreement ("LMA"). (Doc. No. 60-1, at 2); (Doc. No. 59, at 1). Defendants' handling of the LMA is the basis of this law suit.

## II.    DISCUSSION

Defendants argue that joinder is appropriate under Fed. R. Civ. P. 19(a)(1)(B) because, otherwise, Defendants may be "subject to contradictory findings." (Doc. No. 71, at 5). Rule 19(a)(1)(B) provides that a person must be joined as a required party in an action if the person "*claims* an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of the claimed interest." (emphasis added).

As an initial matter, it appears that Defendants misunderstand Rule 19(a)(1)(B) to require joinder if Mr. Polanco *has* an interest in the subject of this case, not if he *claims* one, as the plain language of the rule makes clear. That misunderstanding is evident in their rule statement, which omits the term claims and instead summarizes Rule 19(a)(1)(B) as providing "that a person shall be joined as a party . . . if he *has* 'an interest relating to the subject of the action . . . .'" (Doc. No. 71, at 3) (emphasis added). It is also evident in their analysis, which relies on Mr. Polanco's affidavit where he alleges that Defendants' mishandling of the mortgage harmed his relationship with Plaintiff, harmed him financially, harmed him physically, and even harmed his children. (Doc. No. 71) (citing Doc. No. 66-3, at 1, 2, 3). While Mr. Polanco's affidavit makes clear that he has various grievances with Defendants, he does not request to join this case and the affidavit does not appear to be an attempt by Mr. Polanco to claim an interest in this case. To the contrary, Mr. Polanco has repeatedly expressed an interest in avoiding any involvement with Defendants and the mortgage at issue in this litigation, sending letters to Defendants that Plaintiff would take possession of the property and handle all related bills and accounts and providing Plaintiff with

the quitclaim deed. (Doc. No. 71-1, at 10, 11, 12, 17, 23). Thus, this Court finds that Mr. Polanco has not claimed an interest in this case, and joinder under Rule 19(a)(1)(B) is inappropriate. *See Humble Oil & Ref. Co. v. Harang*, 262 F. Supp. 39, 45 (E.D. La. 1966) (denying a motion to join a party under Rule 19(a)(1)(B) where that party had not claimed an interest in the action); *Refundo, LLC v. Drake Enters.*, Civil Action No. 13-643 (JLL), 2013 U.S. Dist. LEXIS 57671, at *8 n.2 (D.N.J. Apr. 22, 2013) (denying a motion to join the IRS as a party where the "IRS ha[d] not claimed an interest in [the] litigation").

### III. CONCLUSION

For the reasons stated above, Defendants' Motion is **DENIED**.

**SO ORDERED**.

Signed: December 19, 2019

Graham C. Mullen
United States District Judge